IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RON SIMS, | § | |
| | § | No. 319, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2006003726 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 5, 2024
Decided: May 7, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the non-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)     Following a police investigation into an allegation that the appellant, Ron Sims, had sexual contact with a minor male, a Superior Court grand jury charged Sims by indictment with one count of first-degree unlawful sexual contact. In June 2022, Sims waived his right to a jury trial, and the case proceeded to a bench trial.  At trial, the State presented evidence that Sims placed his hand on the outside of the victim's sweatpants and rubbed the victim's penis for approximately one to two minutes one afternoon in the living room of the victim's father's house when

the victim was in the third grade. At the conclusion of the trial, the Superior Court judge found Sims guilty as charged. On August 8, 2023, the Superior Court sentenced Sims to eight years of Level V incarceration, suspended for one year of Level III probation. This is Sims' direct appeal.

(2) Sims' counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Counsel informed Sims of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Sims of his right to supplement his attorney's presentation. Sims has not provided any points for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably raised on appeal.[1] Second, the Court must conduct its own review of the record and determine

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(4)     The Court has reviewed the record carefully and has concluded that Sims' appeal is wholly without merit and devoid of any arguably appealable issues. We are also satisfied that Sims' counsel has made a conscientious effort to examine the record and the law and has properly determined that Sims could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


/s/ Collins J. Seitz, Jr.
Chief Justice

---

[2] *Penson*, 488 U.S. at 81-82.

3